RYNERSON v. ALLISON.

1. Where a Circuit decree, based upon the findings of the jury on issues ordered out of chancery, is reversed, and the case remanded for further proceedings, but not because of any error in the trial or findings of the issues themselves, such findings and the testimony upon which they were based, are properly before the Circuit Judge for consideration at the new trial below.

2. But the Circuit Judge erred in accepting a statement of the proceedings before the jury, certified by the official stenographer, but not by the trial judge, as a sufficient transcript of such proceedings.

Before KERSHAW, J., Laurens, September, 1888.

The opinion fully states the case.

*Mr. W. H. Martin*, for appellant.

*Mr. N. S. Harris*, contra.

April 4, 1888.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This case has been in this court once before (see 28 S. C., 83), where the nature of the case is fully stated.   It seems that it was an action to foreclose a mortgage against Calvin Allison, given to secure a note for $150, to which the other defendants were sureties.   The note was given for a horse, which was alleged to have been unsound at the time of the sale.   The case originally came on for trial at the June term (1886) before Judge Hudson, who ordered certain issues to be submitted to a jury, and continued the case.   At the next term of the court there was a mistrial upon the "issues."   At the next term of the court the issues submitted were tried on calendar No. 1 before Judge Aldrich and a jury.   The "issues" were found generally for the plaintiff, and the judge ordered a foreclosure of the mortgage based upon the verdict on the issues.   Upon appeal to this court it was held that the Circuit Judge, having based a decree of foreclosure wholly upon the verdict of a jury on certain issues in chancery submitted to them, without rendering his independent judgment upon the facts so found, the decree was *reversed* and the case "remanded."

Accordingly it went back, and upon the call of the "issues" on docket No. 1, in which a verdict had been rendered before the appeal, the defendants' attorney insisted that the reversal of the judgment set aside also the verdict on the issues, and that they should be tried *de novo*.   But Judge Kershaw, on hearing the opinion of the Supreme Court, "*Ordered* the stenographer to prepare and file with the record in the case all the testimony taken on the trial of the issues of fact, and all questions that were raised on the trial of said issues, together with the rulings of Judge Aldrich thereon, and his charge to the jury on the

trial of said issues, to be certified by him officially and filed with the clerk, and the expenses thereof be allowed as disbursements of the plaintiff, &c.   This order is made on the grounds that the findings of the jury on the issues submitted stand as facts found by them, subject to be reviewed by the court on the hearing of the cause on the equity side of the court," &c.

When the case was reached on calendar No. 2, the judge proceeded, as he states, "to hear the case upon the findings of the jury, the testimony taken on the trial of said issue, and such other testimony as the parties desired to offer, and after argument of counsel and due consideration thereof, the same conclusions were reached as previously arrived at by the jury.   The verdict is in accordance with preponderance of the evidence.   There was, therefore, no unsoundness of the animal for which the note was given," &c., and he decreed foreclosure.

The defendant appeals upon the following grounds : "(1) His honor erred in refusing to allow a trial *de novo* before a jury on calendar No. 1.   (2) He erred in granting the order of September 20, 1888, requiring the stenographer to prepare and file with the clerk the testimony and proceedings of a former trial, and that the costs be allowed as disbursements; and that the findings of the jury on the issues submitted stand as facts found by them. (3) He erred in holding that this case is to be heard on the stenographer's report.   (4) He erred in holding that no additional testimony was admissible, except *ex gratia*.   (5) He erred in admitting in evidence the stenographer's notes of testimony taken on a former trial.   (6) He erred in not allowing a trial *de novo* before the court on calendar No. 2."

Is this an action at law or in chancerry ?  So far as the sureties are concerned, it would seem to have been a simple action at law upon a note ; but as the principal obligor, Calvin Allison, had executed a mortgage of land to secure the note, and the main object of the proceedings was to foreclose the mortgage, it seems to have been regarded and treated by the parties themselves as a case in chancery.  See the opinion in the former appeal. Thus considered, what was the effect of the reversal of the first decree and "remanding" the case ?  New trials in equity proceedings are not very common.  As the whole judgment is in

writing, and the precise ground of error is disclosed, the usual practice, we think, is to modify by correcting the error and allowing what is not erroneous to stand. The judgment of the Supreme Court in this case did not, in express terms, order a new trial, but it *reversed* the decree and "remanded the case," and we will consider that as equivalent to such an order.

Then what was the effect of that as to "findings" made upon issues ordered before the first trial? The plaintiff insists that as the decree was *not reversed* upon errors touching those "findings," which were really nothing more than evidence of a particular character—not controlling, but to be considered along with the other evidence—they were not necessarily set aside by the reversal of the decree, but remained for use upon the second trial, like evidence taken in writing by commission before the first trial. *Pulaski, Jacks & Co.* v. *Ward & Co.*, 2 Rich, 119. Such would seem to have been the course pursued in *Gadsden* v. *Whaley*, a case in chancery. There had been a former trial of the case, in which Judge Reed ordered an issue, and erroneously based his decree on the verdict, for which error (as here) the decree was set aside and "the case remanded for further proceedings." See 9 S. C., 147. Upon the second trial the "findings" on the issues ordered by Judge Reed were not reopened and retried, but "Judge Hudson, upon the evidence taken at the first trial, decreed for the plaintiff the identical sum which had been found by the jury," and the decree was affirmed. *Gadsden* v. *Whaley*, 14 S. C., 214. As the "findings" on issues from chancery are not treated as conclusive of the matters submitted, but are really nothing more than evidence of a particular character in writing, I incline to think that when once made in a case they should stand, unless the decree is reversed for error in the trial of the issues themselves. "New trials on issues out of chancery are granted by the court directing the issue." *Thomasson* v. *Kennedy*, 3 Rich. Eq., 448; *Woolfolk* v. *Graniteville Company*, 22 S. C., 336. As was said by Chancellor Wardlaw in the case first above cited: "Issues to the court of law are directed for the purpose of informing the conscience of the chancellors; and if this purpose be achieved, we do not examine the process very narrowly."

But the defendant insists that, upon another ground, it was error to refuse a trial *de novo*, viz., that the proceedings, evidence, and "findings" upon the issues were not properly before the Circuit Judge acting as chancellor, for the reason that the stenographer had not the authority to "certify" such proceedings to the equity side of the court. The judge who, as chancellor, heard the new trial, was not the judge before whom the issues had been tried, and, of course, could not consider the "findings" until they were properly before him. We know of no express law upon the subject, but we think the old practice in such cases was, as indicated in the case of *Taylor & Wife* v. *Mayrant,* 4 DeSaus., 514, that "the Court of Common Pleas [we suppose the judge] should certify the verdict," &c. *Peake* v. *Peake,* 17 S. C., 422. It does not appear that the judge before whom the issues were tried made any such "certificate," but the trial judge directed the stenographer to make it. If he could not legally do so, then there was no alternative but to try the case *de novo,* with or without issues, as the judge might determine.

The stenographer is a new officer, unknown until lately in our judicial history. It is true, that he is a sworn officer of the court, whose duty it is "to take full stenographic notes of all pleadings, including the testimony, rulings, and charge of the court, and every trial had thereat," but it will be observed that this must be done "under the directions of the presiding judge of the court;" and in a matter of so much importance we cannot, in commencing a new practice, venture to hold that the mere statement of the stenographer, without the sanction and signature of the judge who presided at the trial of the issues, was a formal and proper "certificate" of the proceedings and findings had upon the trial of the issues.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.